# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| SAMUEL DAVIS, JR., *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Cause No.: 3:17-CV-40-TLS |
| | ) |
| MR. JENSEN., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Samuel Davis, Jr., a *pro se* prisoner, submitted a complaint asserting that his daughter, K.D., has been mistreated by officials and students at the Warsaw Community High School, where she goes to school. The Complaint lists Samuel Davis, Jr., his wife Renda Nicolas, and K.D. as plaintiffs.

Under federal pleading standards,

> a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009). Thus, to state a claim, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Here, the complaint alleges that school officials at the Warsaw Community High School allowed two students to assault Samuel Davis's daughter, K.D.. Those officials then went on to suspend K.D. from school. Although Samuel Davis lists K.D. and his wife Renda as plaintiffs, neither of them signed the Complaint. Instead, the Complaint was signed only by Samuel Davis.

As a threshold matter, as a *pro se* litigant, Samuel Davis cannot represent his wife or bring claims on her behalf. *See In re IFC Credit Corp.*, 663 F.3d 315, 318 (7th Cir. 2011) ("[I]ndividuals are permitted to litigate pro se, though not to represent other litigants"). Because Renda Nicolas does not appear to be an active participant in this lawsuit, she will be dismissed as a plaintiff.

In addition, Samuel Davis, who signed the Complaint, apparently seeks to proceed as a next friend on behalf of his minor daughter. But a *pro se* litigant may not represent others, not even his own child. *Navin v. Park Ridge Sch. Dist.*, 270 F.3d 1147, 1149 (7th Cir. 2001). As a general rule, "a person may appear in the federal courts only *pro se* or through counsel. One consequence of the normal rule is that a next friend may not, without the assistance of counsel, bring suit on behalf of a minor party." *Elustra v. Mineo*, 595 F.3d 699, 705 (7th Cir. 2010), citing *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) ("[A] non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child."); *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir.1986) ( per curiam ) ("Under Fed.R.Civ.P. 17(C) and 28 U.S.C. § 1654, a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney."). This rule is designed to protect the interests of the minor party and, in addition, it "jealously guards the judiciary's authority to govern those who practice in its courtrooms." *Myers v. Loudoun County Pub. Schs.*, 418 F.3d 395, 400 (4th Cir.2005).

There are exceptions to this rule. For example, "parents may bring claims *pro se* on behalf of their children in an effort to secure social security benefits."*Elustra v. Mineo*, 595 F.3d at 705 (citing *Machadio v. Apfel*, 276 F.3d 103, 106–08 (2d Cir. 2002)). But the United States Court of Appeals for the Seventh Circuit has concluded that "no comparable exception has ever been recognized for a lawsuit based on § 1983 or general state tort law." *Id*. Accordingly, the Davis's must seek aid of counsel to bring K.D.'s claims against officials at the Warsaw Community High

School before this court in a § 1983 action.

Samuel Davis may not proceed *pro se* on any claims belonging to his daughter, and the complaint establishes that Samuel Davis has no claims of his own against the defendants. Samuel Davis's daughter, K.D., might have a claim against officials at the Warsaw Community High School. But she has not signed the Complaint, even if she had, as a minor, she cannot litigate on her own.

For these reasons, the Court **DISMISSES** this Complaint pursuant to 28 U.S.C. §1915(e)(2) without prejudice to the Plaintiffs' right to refile K.D.'s claims by counsel. Accordingly, the Court also **DENIES** Samuel Davis's request for documents [ECF Nos. 8 and 9].

SO ORDERED on April 25, 2017.

                                                   s/ Theresa L. Springmann
                                                  CHIEF JUDGE THERESA L. SPRINGMANN
                                                  UNITED STATES DISTRICT COURT